Per Curiam.

The principal question presented is whether the trial court committed prejudicial error in permitting counsel for the defendants, over objection, to repeatedly ask lay witnesses for their opinion as to whether the testator was able to dispose of his property by will.
Such procedure challenges a long existing and well established rulé in this jurisdiction that opinions of such witnesses are not admissible where such opinions in fact answer the ultimate question at issue and which is to be submitted to the jury upon competent evidence for its decision. A recent statement of this principle appears in the first paragraph of the syllabus in the case of Shepherd v. Midland Mutual Life Ins. Co., 152 Ohio St., 6, 87 N. E. (2d), 156, which is as follows:
“Although a witness may be qualified to give an opinion concerning a matter upon which opinion evidence may be admissible in and pertinent to the determination of an issue, as a general rule such an *285 opinion, whether expert or otherwise, may not be admitted when it, in effect, answers the very question as to the existence or nonexistence of an ultimate fact to be determined by the jury.”
This rule as applicable to the contest of wills has long been established and frequently applied. 41 Ohio Jurisprudence, 517, Section 384. An early case wherein it is stated is Runyan v. Price, 15 Ohio St., 1, 8. This court there held incompetent the following question directed to a witness:
“State what your opinion was, on the evening Bowen called upon you to witness the will, as to the sanity or insanity of William Runyan, or his capacity to make a will. ’ ’
It was specifically held that such question called upon the witness to state his opinion as to the capacity of the testator to malee a will, and sought an answer to the ultimate question to be decided by the jury. Such question also assumed that the witness knew the capacity required to make a will.
In the case of Dunlap, Exr., v. Dunlap, 89 Ohio St., 28, 104 N. E., 1006, it was held that in a will contest the question, “you may also further state whether or not he [the testator] had capacity to form a purpose and intention of disposing of his property by will,” was not incompetent and did not come within the rule stated in Runyan v. Price, supra.
Such question was held not erroneous for the reason as was stated by Nichols, C. J., in the opinion, that to ask the witness whether the testator had sufficient mind and memory to form an intention and purpose to dispose of his property by will is not equivalent to and not open to the same objection as is the question, “had the testator sufficient capacity to make a will?”
The rule under consideration was discussed in the case of Niemes v. Niemes, 97 Ohio St., 145, 119 N. E., *286 503. The court did not modify the long established rule.
The rule to be followed and applied, as deduced from those cases, is well stated in paragraph two of the syllabus in the comparatively recent case of Weis v. Weis, 147 Ohio St., 416, 72 N. E. (2d), 245, 169 A. L. R., 668, as follows:
“A nonexpert witness who testifies to facts sufficient to show that he has had the opportunity to observe the mental state of a person may further testify as to whether such person was, in the opinion of the witness, of sound or unsound mind, and whether such person had the capacity to form the purpose and intent to dispose of his property by will.” Such statement implies the distinction theretofore announced.
The inquiry made in the instant case as to whether in the opinion of the witness the testator was able to dispose of his property by making a will contravened the limitation established by the decision of this court and its allowance constituted error.
It is urged by the defendants that this question and the answers thereto were not prejudicial because plaintiff failed to produce evidence that the testator was incapable of making a will at the time the will in question was executed.
However, the record discloses that at the close of the plaintiff’s case a motion to direct the jury to return a verdict sustaining the will was made by the defendants, which motion was overruled. The motion was renewed at the end of the trial and again overruled. The trial court properly held that the evidence adduced presented a question for the jury. That question was whether at the time of the execution of the will the testator had the required mental capacity.
In view of the controversy indicated by the record, it is the opinion of the court that permitting the in *287 competent question to be asked and answered was not only erroneous but was prejudicial to the plaintiff.
For that reason only, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for a new trial.

Judgment reversed.

Weygandt, C. J-, Zimmerman, Stewart, Middleton, Taft, Matthias and Hart, JJ., concur.